IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONI R. DONAHUE,

                Plaintiff,

v.                                        Case No. 18-2012-CM

KANSAS BOARD OF EDUCATION,
et al.,

                Defendants.

## **ORDER**

       Plaintiff, Toni R. Donahue, brings this action on behalf of her minor child for review of decisions made by the Olathe School District ("OSD") and the Kansas Board of Education ("KBE"). Plaintiff has filed a motion for leave to file a second amended complaint that adds as defendants the OSD and officers/agents of that district **(ECF No. 24)**. The motion is largely unopposed by the current defendants: the KBE, Randy Watson, Mark Ward, and Scott Gordon (collectively, "the State of Kansas defendants") do not oppose the motion;[1] Elena Lincoln recognizes that, as a procedural matter, the motion should be granted, but opposes the motion on the ground that she is not a proper defendant in either the amended complaint or the proposed second amended complaint;[2] and Lloyd

_____

[1] ECF No. 25.

[2] ECF No. 42.

Swartz has not filed a timely response to the motion and so, under D. Kan. Rule 7.4(b), is deemed not to oppose it.

Pursuant to Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed, a party may amend its pleading only with the opposing parties' written consent or the court's leave. Rule 15(a)(2) directs the court to "freely give leave when justice so requires." Although the granting of a motion to amend is within the court's discretion, the United States Supreme Court has indicated that Rule 15's directive to freely give leave is a "mandate . . . to be headed."[3] "A district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[4]

This case is in its early stages, with deadlines not yet set. Accordingly, no party will be prejudiced by plaintiff's proposed amendment. Nor is there any indication of undue delay or bad faith on plaintiff's part. Although Lincoln asserts amendment is futile as to her because she is not a proper defendant in the case, this argument will be addressed by the presiding U.S. District Judge, Carlos Murguia, when he decides Lincoln's pending

---

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[4] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

motion to dismiss (ECF No. 33).[5]  The court therefore grants plaintiff leave to file a second amended complaint.

Also pending before the court is plaintiff's motion asking the court to reconsider its March 2, 2018 order (ECF No. 27) to the extent it granted the State of Kansas defendants additional time to respond to plaintiff's first amended complaint **(ECF No. 28)**.  The motion to reconsider has been rendered moot by this order granting plaintiff leave to file a second amended complaint.  As set forth in Rule 15(a)(3), defendants have 14 days to respond to plaintiff's second amended complaint once it is filed.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file a second amended complaint (ECF No. 24) is granted.  Plaintiff is directed to file her second amended complaint as a separate docket entry no later than **March 23, 2018**.

IT IS FURTHER ORDERED that plaintiff's motion for partial reconsideration of the court's March 2, 2018 order (ECF No. 28) is denied as moot.

Dated March 19, 2018, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

---

[5] As requested by Lincoln, the court will consider her fully briefed and ripe motion to dismiss (ECF No. 33) as applicable to the second amended complaint, given that the allegations involving Lincoln are the same in both complaints.