**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **TONI R. DONAHUE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 18-2012** |
| **KANSAS BOARD OF EDUCATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Toni R. Donahue filed this action pro se, for judicial review of a due process hearing and subsequent administrative review involving her child's school district, both of which were conducted pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(f), and Kansas law. Plaintiff states that she brings the action pursuant to 34 C.F.R. § 300.516 (which is a regulation relating to the IDEA), 5 U.S.C. § 702, and "5 U.S. Code section 7 in its entirety, with regards to 42 U.S. Code § 1983 and 1985." (Doc. 48 at 2.)

The case is now before the court on a number of motions:

- Plaintiff's Motion to Review Magistrate Order (Doc. 32);

- Plaintiff's Motion for Entry of Default (Doc. 55);

- Defendant Elena Lincoln's Motion to Dismiss (Doc. 33);

- State of Kansas Defendants' Motion to Dismiss (Doc. 49);

- Defendants John Allison and Deborah Chappell's Motion to Dismiss (Doc. 66);

- Defendant Olathe School District USD No. 233's Motion to Dismiss (Doc. 64);

- Plaintiff's Motion for Preliminary Injunction and Permanent Order of Protection (Doc. 62); and

- Defendant Elena Lincoln's Motion to Stay (Doc. 36).

## I. Factual Background

The full factual background of this case is not yet before the court, as plaintiff's operative complaint does not contain many allegations. The court has also considered the limited facts it has before it from the underlying administrative proceedings. The court may take judicial notice of the documents presented by defendants from the administrative record without converting defendants' motions to summary judgment motions. *See Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("We note, however, that the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."), abrogated on other grounds by *McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001) (en banc).

Plaintiff believed that a "local education agency" (here, defendant Olathe School District USD No. 233) did not meet its obligations under the IDEA with respect to her minor child. She therefore filed a Due Process Complaint under 34 C.F.R. § 300.507. Plaintiff then had a due process hearing conducted by an impartial hearing officer (defendant Lloyd Schwartz), per § 300.511(c). The hearing officer decided against plaintiff.

Plaintiff appealed pursuant to § 300.514 and Kan. Stat. Ann. § 72-3418(b), and the state review officer (defendant Elena Lincoln) dismissed the appeal as untimely on January 2, 2018. The IDEA allows plaintiff to ask this court to review those decisions. *See* 20 U.S.C. § 1415(i)(2)(A); 30 C.F.R. § 300.516. Alternatively, plaintiff could have sought review in state court. *Id.* On January 9, 2017, plaintiff initiated this action by filing her Petition for Administrative Review. Plaintiff did not name defendant Olathe School District USD No. 233 until March 20, 2018, in her Second Amended Petition.

It is unclear whether plaintiff seeks to proceed only on her own behalf, or also on behalf of her minor child. To the extent that plaintiff is attempting to bring this suit on behalf of her child, she may

not do so.  Plaintiff proceeds pro se.  A pro se plaintiff may not represent another party—even her own child.  *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) ("[U]nder Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as a next friend if the parent is not represented by an attorney."); *Zhu v. Countrywide Realty Co.*, 160 F. Supp. 2d 1210, 1225–26 (D. Kan. 2001) (denying motion by pro se plaintiff to amend, add daughter, and bring claims on daughter's behalf).  Any claims on behalf of plaintiff's minor child are dismissed and are not further considered.

## II.     Legal Standards

Several of the motions addressed in this order are motions to dismiss.  For ease of reference, the court sets out the standards for dismissal here and identifies the standards for other types of motions within the discussion of each motion.

The court will grant a 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action."  *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).  The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable.  *Id*.  "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."  *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court construes any reasonable inferences from these facts in favor of the plaintiff.  *Tal*, 453 F.3d at 1252.

Where, as here, the plaintiff proceeds pro se, the court construes the pro se filings liberally.  *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)).  On the other hand, a plaintiff's pro se status does not relieve her from complying with this

court's procedural requirements. *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a pro se litigant must follow the same rules of procedure as other litigants).

**III.     Discussion**

    *A.     Plaintiff's Motion to Review Magistrate Order (Doc. 32)*

Plaintiff first asks this court to review an order of Magistrate Judge James P. O'Hara in which Judge O'Hara denied plaintiff appointment of counsel for this case. An order on a motion for appointment of counsel is a nondispositive order, and the court therefore reviews it under a "clearly erroneous or contrary to law" standard. *See* Fed. R. Civ. P. 72(a).

The court has reviewed Judge O'Hara's order, and determines that it both appropriately identifies the governing law and applies that law. Judge O'Hara reasonably applied the factors of *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) and recognized that there is no constitutional right to appointed counsel in civil actions. Further, there is no indication that denial of counsel in this case would be fundamentally unfair. The court therefore overrules plaintiff's objection to Judge O'Hara's order.

    *B.     Plaintiff's Motion for Entry of Default (Doc. 55)*

Plaintiff next asks the Clerk of the Court to enter default against defendants because plaintiff claims that defendants were required to file the administrative record before filing motions to dismiss. According to plaintiff, filing motions to dismiss did not satisfy defendants' obligations to file the administrative record in this case.

The court disagrees. No answer is required by defendants until such time as the court denies the pending motions to dismiss. Fed. R. Civ. P. 12(a)(4)(A). And the record is not required (to the extent that any particular defendant is required to file the record) until the answer is filed. D. Kan. R.

83.7.1(c)(1).  In any event, an entry of default under Rule 55(a) is only warranted when a party has failed to plead or otherwise defend.  All named defendants have either answered or otherwise defended this case.  The Clerk of the Court will not enter default against defendants, and the court next considers their motions to dismiss.

### C. *Defendant Elena Lincoln's Motion to Dismiss (Doc. 33)*

Defendant Elena Lincoln moves to dismiss plaintiff's claims against her because she is not a proper party to this action.  Defendant Lincoln was the state review officer and reviewed the decision from the due process hearing.  Plaintiff wants this court to review administrative orders, the due process hearing, and subsequent review, which were all conducted pursuant to the IDEA (20 U.S.C. § 1415) and Kansas law (Kan. Stat. Ann. § 72-3418).  But the only proper parties to an IDEA due process hearing are the parents and the local education agency.  20 U.S.C. § 1415(f)(1)(A); Kan. Stat. Ann. § 72-3415(a)(1).  Here, those parties are plaintiff and Olathe Unified School District USD No. 233.  Defendant Lincoln, as the state review officer, is not a proper party.

Plaintiff argues that this is not an action for IDEA judicial review.  Instead, she claims that she brings the action under 5 U.S.C. § 701 et seq., as well as 42 U.S.C. §§ 1983 and 1985.  But 5 U.S.C. § 701 et seq. applies to review of <u>federal</u> agency decisions—not state agency decisions.  5 U.S.C. § 701(b)(1) ("'[A]gency' means each authority of the Government of the United States . . . .").  And the Tenth Circuit has ruled that § 1983 is not a proper avenue for IDEA violations.  *See Padilla ex rel. Padilla v. Sch. Dist. No. 1 in City & Cty. of Denver, Co.*, 233 F.3d 1268, 1272 (10th Cir. 2000).  In any event, plaintiff has not pleaded any facts in her complaint that would state a claim under either § 1983 or § 1985. Finally, plaintiff cites several Kansas statutes, arguing that they apply: the Kansas Administrative Procedures Act ("KAPA"), Kan. Stat. Ann. § 77-501 et seq., and the Kansas Judicial Review Act ("KJRA"), Kan. Stat. Ann. § 77-601 et seq.  If plaintiff had asked for judicial review in

state court, the KJRA would have governed the action. *See* Kan. Stat. Ann. § 72-3418(c) ("[A]ny action of a review officer pursuant to this section is subject to review in accordance with the Kansas judicial review act or to an action in federal court as allowed by the federal law."); Kan. Stat. Ann. § 77-603. But it does not govern procedure in federal court. And the KAPA would not have even governed in state court. *See* Kan. Stat. Ann. § 77-503(a) ("This act applies only to the extent that other statutes expressly provide that the provisions of this act govern proceedings under those statutes."); Kan. Stat. Ann § 77-603; Kan. Stat. Ann § 72-3418(c).

In plaintiff's response to this motion (and to all of the motions to dismiss), she attempts to recharacterize the nature of the case to broaden the scope of the judicial review action. Plaintiff repeatedly argues that she is seeking judicial review of procedural violations under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702. But as the court stated above, the APA applies to federal agencies, which are not involved here. Plaintiff is asking for review of actions in IDEA proceedings. To bring this action for judicial review, therefore, plaintiff is constrained to the procedures and provisions of the IDEA and related Kansas law. She cannot now modify the nature of the case and still bring it under the umbrella of a request for judicial review. Defendant Lincoln's motion to dismiss is granted.

### D.     *State of Kansas Defendants' Motion to Dismiss (Doc. 49)*

Defendants Kansas Board of Education, Randy Watson, Mark Ward, and Scott Gordon (the "State of Kansas defendants") also seek dismissal because they are not proper parties to this lawsuit. For the same reasons the hearing officer is not a proper party, neither are the State of Kansas defendants. *See Quatroche v. E. Lyme Bd. of Educ.*, 604 F. Supp. 2d 403, 410–11 (D. Conn. 2009); *see also B.S. by and through K.S. v. Anoka-Hennepin Pub. Sch.*, No. 13-3220 ADM/JJK, 2014 WL 11173587, at *12 (D. Minn. May 27, 2014); *B.J.S. v. State Educ. Dep't/Univ. of N.Y.*, 699 F. Supp. 2d

6

586, 608 (W.D.N.Y. 2010); *Andrew W. v. Menlo Park City Sch. Dist.*, No. 10-0292, 2010 WL 3001216, at *3 (N.D. Cal. 2010); *M.T.V. v. Perdue*, No. 03CV0468, 2004 WL 3826047, at *11 (N.D. Ga. 2004).  Likewise, the other claims against them are not valid for the same reasons.  The court grants the State of Kansas Defendants' motion to dismiss.

### E.   *Defendants John Allison and Deborah Chappell's Motion to Dismiss (Doc. 66)*

Plaintiff brings claims against defendants John Allison and Deborah Chappell in their official capacities, and against defendant Chappell in her individual capacity.

The claims against defendants Allison and Chappell in their official capacities are improper and duplicative because plaintiff also sued their local government employer—defendant Olathe School District.  *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).  "As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166.  The claims against defendants Allison and Chappell in their official capacities are therefore dismissed.

As for any claim against defendant Chappell in her individual capacity, plaintiff has made no allegations against defendant Chappell other than naming her in the case caption.  There is no indication how defendant Chappell had any involvement with the events in this case other than being an employee of the school district.  She is not a proper party to the action for judicial review for the reasons all other parties are not proper (other than the school district), and plaintiff has also failed to make any allegations stating a claim against defendant Chappell in her individual capacity.  Defendant Chappell is dismissed as a party.  The court grants Doc. 66.

### F.   *Defendant Olathe School District USD No. 233's Motion to Dismiss (Doc. 64)*

Defendant Olathe School District USD No. 233 asks for dismissal on a different basis than the other parties in this case.  Specifically, the school district argues that plaintiff added the school district

7

to the case too late—such that the action for judicial review is time-barred.  The review officer served her decision on January 2, 2018.  Although plaintiff filed her petition for review in federal court on January 9, 2018, she did not file her Second Amended Petition naming the school district until March 20, 2018.

Plaintiff had thirty days to bring an action for judicial review.  *See* 34 C.F.R. § 300.516(b) ("The party bringing the action shall have 90 days from the date of the decision of the hearing officer or, if applicable, the decision of the State review officer, to file a civil action, or, if the State has an explicit time limitation for bringing civil actions under Part B of the Act, in the time allowed by the State law."); Kan. Stat. Ann. § 72-3418 ("[A]ny action in federal court shall be filed within 30 days after service of the review officer's decision.").  As the court has ruled, the parents and the school district are the only proper parties to an action for judicial review of an IDEA hearing and administrative review.  The question, then, is whether the allegations in plaintiff's Second Amended Petition (filed over thirty days after the review officer's decision) relate back to the original petition for review (filed within thirty days), such that plaintiff timely-filed against the school district.  If so, this action may proceed.  If not, then plaintiff's request for federal court review was untimely and must be dismissed.

Defendant Olathe School District USD No. 233 claims that the deadline to file for judicial review should be strictly enforced because there is no indication that Kan. Stat. Ann. § 72-3418 is meant to be liberally construed.  The school district, however, does not address the relation back doctrine, and has not cited any law that would justify ignoring the doctrine if all of the elements are otherwise met.

Federal Rule of Civil Procedure 15(c) explains when an amendment to the pleadings can relate back to the date of the original pleading.  The purpose of the relation back doctrine is to balance the

8

defendants' interest in statute of limitations protections with the federal rules' general preference to resolve disputes on their merits. *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010).

> A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.

*Id.*

Rule 15(c)(1)(A) allows relation back when the applicable statute of limitations allows relation back. Rule 15(c)(1)(B) allows it when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." And Fed. R. Civ. P. 15(c)(1)(C) provides that:

> An amendment to a pleading relates back to the date of the original pleading when: . . . (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced by defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*Id.* Fed. R. Civ. P. 4(m) is satisfied if defendant is served within ninety days of the original complaint.

Plaintiff must therefore show that the school district "received such notice of the action" that it will not be prejudiced and that the school district "knew or should have known that the action would have been brought against [it], but for a mistake concerning" their proper identity. The Supreme Court has emphasized that Rule 15(c)(1)(C) amendments depend on "what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing [his] original complaint." *Krupski*, 560 U.S. at 548.

Plaintiff claims that the school district knew about this action earlier than it was added as a party because Lloyd Swartz sent a copy of his answer to Mike Norris, the school district's attorney, on

9

February 15, 2018. And the school district was served with the Second Amended Petition on March 29, 2018—which was within ninety days of the original petition's filing.

The court believes that the 15(c)(1)(C) test is met here. The school district received notice of the action such that it will not be prejudiced by defending this continuation of plaintiff's IDEA dispute. And defendant knew or should have known that plaintiff would have brought the action against it if plaintiff hadn't been mistaken about the proper parties to this action. The focus here is on what defendant knew or should have known—not what plaintiff knew or should have known. *Id.* For this reason, the court determines that plaintiff's Second Amended Petition relates back to plaintiff's original filing, and the judicial review against the school district is not time-barred.

The other claims against the school district, however, are dismissed for the same reasons the claims are dismissed against the other parties. Doc. 64 is denied in part and granted in part.

### G.     *Plaintiff's Motion for Preliminary Injunction and Permanent Order of Protection (Doc. 62)*

Plaintiff filed a motion asking for a preliminary injunction to protect her "from harassment, intimidation, threats, coercion, attempts to have [her minor child] removed from the home, and protection from all actions while home schooling . . . ." (Doc. 62, at 1.) This motion is now moot with respect to all defendants but the school district. The court therefore takes up the merits of the motion only with respect to defendant Olathe School District USD No. 233. The same analysis would apply, however, to all of the other defendants.

A preliminary injunction is "an extraordinary remedy" and therefore must be "granted only in cases where the necessity for it is clearly established." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989)). For a court to grant a

preliminary injunction under Fed. R. Civ. P. 65, the party seeking such relief must establish that 1) the party "will suffer irreparable injury unless the injunction issues," 2) "the threatened injury" outweighs the harm the injunction may cause to the opposing party, 3) the injunction would not be "adverse to the public interest," and 4) the party has "a substantial likelihood of success on the merits." *Schrier*, 427 F.3d at 1258.

The court cannot conclude that plaintiff has satisfied any of the above elements. Plaintiff has identified no evidence of irreparable injury, as all of the allegations in plaintiff's motion occurred in the past. Plaintiff no longer lives in the school district, and has not indicated that she intends to return. She also has not shown a substantial likelihood of success on the merits. Plaintiff's Motion for Preliminary Injunction is therefore denied.

### H. *Defendant Elena Lincoln's Motion to Stay (Doc. 36)*

In conjunction with her motion to dismiss, defendant Elena Lincoln asked the court to stay this action until ruling on her motion to dismiss. Given the court's rulings above, this motion is denied as moot.

### I. *Remaining Claims Against Defendant Swartz, Proceeding Pro Se*

Defendant Swartz filed an answer pro se. (Doc. 4.) In that answer, defendant Swartz asked for quasi-judicial immunity for his actions as an independent hearing officer. The court construed defendant Swartz's filing as an answer instead of a motion to dismiss. (Doc. 23.) Defendant Swartz has not filed a formal motion to dismiss.

In light of this court's other rulings in this Memorandum and Order and because defendant Swartz did raise the issue of quasi-judicial immunity in his answer, the court orders plaintiff to show cause why the court should not dismiss her claims against defendant Swartz for the same reasons the court has dismissed the claims against the other defendants in this action. Plaintiff is ordered to show

11

cause, in writing, within fourteen days of the date of this order.  If plaintiff is unable to demonstrate a legal basis for keeping defendant Swartz in this case for judicial review, the court will dismiss defendant Swartz from the case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Review Magistrate Order (Doc. 32) is overruled.

**IT IS FURTHER ORDERED** that the Clerk of the Court will not enter default based on Plaintiff's Motion for Entry of Default (Doc. 55).

**IT IS FURTHER ORDERED** that Defendant Elena Lincoln's Motion to Dismiss (Doc. 33) is granted.  Defendant Lincoln is terminated as a party.

**IT IS FURTHER ORDERED** that State of Kansas Defendants' Motion to Dismiss (Doc. 49) is granted.  Defendants Kansas Board of Education, Randy Watson, Mark Ward, and Scott Gordon are terminated as parties.

**IT IS FURTHER ORDERED** that Defendants John Allison and Deborah Chappell's Motion to Dismiss (Doc. 66) is granted.  Defendants Allison and Chappell are terminated as parties.

**IT IS FURTHER ORDERED** that Defendant Olathe School District USD No. 233's Motion to Dismiss (Doc. 64) is denied in part and granted in part.  The only claim remaining against the school district is the request for judicial review of the due process hearing and subsequent administrative review.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction and Permanent Order of Protection (Doc. 62) is denied.

**IT IS FURTHER ORDERED** that Defendant Elena Lincoln's Motion to Stay (Doc. 36) is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff is ordered to show cause why the court should not dismiss defendant Lloyd Swartz as an improper party within fourteen days of the date of this Memorandum and Order. If plaintiff is unable to demonstrate a legal basis for keeping defendant Swartz in this case for judicial review, the court will dismiss defendant Swartz from the case.

Dated this  20th  day of June, 2018, at Kansas City, Kansas.

                                            **s/ Carlos Murguia**
                                            **CARLOS MURGUIA**
                                            **United States District Judge**