# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TONI R. DONAHUE,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **KANSAS BOARD OF EDUCATION, et al.,** ) <br> ) <br> **Defendants.** ) <br> ) | **Case No. 18-2012** |

## MEMORANDUM AND ORDER

Plaintiff Toni R. Donahue filed this action pro se, for judicial review of a due process hearing and subsequent administrative review involving her child's school district, both of which were conducted pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(f), and Kansas law. In a Memorandum and Order dated June 20, 2018, this court dismissed nearly all of the parties from this case and denied plaintiff's request for a preliminary injunction (Doc. 79). Plaintiff filed a Notice of Appeal of the denial of her request for injunctive relief (Doc. 80), and also requested permission to file an interlocutory appeal of the court's other rulings (Doc. 88) and moved to stay this case pending appeal (Doc. 85). The Tenth Circuit abated the appeal pending this court's disposition of the motion for permission to file an interlocutory appeal (Doc. 93). The court now takes up plaintiff's two motions relating to the interlocutory appeal.

First, as plaintiff acknowledges, one portion of her interlocutory appeal is proper without permission: her appeal of this court's denial of injunctive relief. Under 28 U.S.C. § 1291(a)(1), plaintiff may immediately appeal the refusal of a preliminary injunction. That portion of plaintiff's appeal needs no permission from this court.

1

The second portion of plaintiff's attempted interlocutory appeal, however, requires permission. Under 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Therefore, a court may certify an interlocutory order if (1) such order involves a controlling question of law; (2) a substantial ground for difference of opinion exists with respect to the question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Id*. Certification under § 1292(b) should be "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *Menefee v. Werholtz*, No. 08-2214-SAC, 2009 WL 949134, at *1 (D. Kan. Apr. 7, 2009) (quoting *Utah v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994)). One of the primary purposes of § 1292(b) is to "provide an opportunity to review an order when an immediate appeal would 'materially advance the ultimate termination of the litigation.'" *Id*. Section 1292(b) "is meant to be applied in relatively few situations and has not been read as a significant incursion on the traditional federal policy against piecemeal appeals." § 2658.2 When a Judgment Under Rule 54(b) Can Be Entered—Application to Other Appeal Procedures: Section 1292(b), 10 Fed. Prac. & Proc. Civ. § 2658.2 (3d ed.). It should only be used "in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation . . . ." *Prof'l Serv. Indus., Inc. v. Kimbrell*, 841 F. Supp. 358, 363 (D. Kan. 1993).

In plaintiff's motion, she summarily states that "all the conditions have been met" for an interlocutory appeal. She does not explain what the conditions are or how she has met them. While the question of who is a proper party to this lawsuit may involve a controlling question of law, the court determines that there is not substantial ground for difference of opinion with respect to that question, and that an immediate appeal would not materially advance the ultimate termination of this litigation. To the contrary, permitting an interlocutory appeal would prevent the prompt resolution of this judicial review action. The school district has filed the administrative record. Allowing plaintiff to ask the appellate court to determine the proper scope of this case, at this juncture, will only serve to delay the judicial review action. This is not one of the extraordinary or exceptional cases in which an interlocutory appeal would be beneficial and productive.

Now that the court has determined that the only proper question for interlocutory appeal is whether the court should have granted plaintiff a preliminary injunction, the court must determine whether a stay of this case is appropriate pending appeal. Generally, the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 378 (1985). One exception is that a district court retains authority to proceed with an action on the merits pending an interlocutory appeal of the grant or denial of a preliminary injunction. *Colorado v. Idarado Mining Co.*, 916 F.2d 1486, 1490 & n.2 (10th Cir. 1990). There is no reason why the judicial review action before this court cannot proceed while plaintiff appeals the denial of her motion for a preliminary injunction. The court therefore denies plaintiff's motion for a stay.

**IT IS THEREFORE ORDERED** that plaintiff's Motion Requesting Permission to File Interlocutory Appeal (Doc. 88) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Stay (Doc. 85) is denied.

**IT IS FURTHER ORDERED** that, because the court has denied plaintiff's motion to stay, plaintiff is once again ordered to show cause why the court should not dismiss defendant Lloyd Swartz as an improper party within fourteen days of the date of this Memorandum and Order. If plaintiff is unable to demonstrate a legal basis for keeping defendant Swartz in this case for judicial review, the court will dismiss defendant Swartz from the case.

Dated this 1st day of August, 2018, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**