**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **TONI R. DONAHUE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 18-2012** |
| **KANSAS BOARD OF EDUCATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Toni R. Donahue filed this action pro se, for judicial review of a due process hearing and subsequent administrative review involving her child's school district, both of which were conducted pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(f), and Kansas law. In a Memorandum and Order dated June 20, 2018, this court dismissed nearly all of the parties from this case and denied plaintiff's request for a preliminary injunction (Doc. 79). Plaintiff filed a Notice of Appeal of the denial of her request for injunctive relief (Doc. 80), and also requested permission to file an interlocutory appeal of the court's other rulings (Doc. 88) and moved to stay this case pending appeal (Doc. 85). On August 1, 2018, this court denied plaintiff's motions to stay and for an interlocutory appeal (Doc. 95). The court also advised plaintiff that if she did not demonstrate a legal basis for keeping defendant Lloyd Swartz in the case, the court would dismiss him as an improper party. After more than fourteen days passed with no response filed by plaintiff, the court dismissed the claims against defendant Swartz on August 27, 2018 (Doc. 97).

Plaintiff filed a motion to reconsider the court's order denying a stay of proceedings (Doc. 101). In that same motion, she also requests that the court allow her to add an interlocutory appeal of the court's order dismissing defendant Swartz to her pending interlocutory appeal (although this court

1

declined to certify its previous order for interlocutory appeal; the court held in Doc. 95 that the only proper question for interlocutory appeal is whether the court should have granted plaintiff a preliminary injunction). To the extent that plaintiff is requesting certification of this court's order dismissing defendant Swartz, the court denies the request for the same reason it declined to certify its previous order. (*See* Doc. 95 at 3.)

As for plaintiff's motion to reconsider, the court also denies that request. First, plaintiff filed her motion more than fourteen days after the court entered its order denying the stay. Her filing is untimely under D. Kan. R. 7.3(b). But even if the court were to consider her motion on its merits, plaintiff has not shown that she is entitled to relief based on (1) an intervening change in law; (2) new evidence; or (3) "the need to correct clear error or prevent manifest injustice." D. Kan. R. 7.3(b). Plaintiff merely reargues why she believes that this court's underlying order (Doc. 79) was incorrect and must be appealed now. Plaintiff's arguments are more targeted at why the court should have certified its underlying order for interlocutory appeal than why the court should have granted stay of the proceedings before this court. Plaintiff has not shown how the court's order denying the stay constituted clear error or would result in manifest injustice.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration for Motion to Stay Proceedings (Doc. 101) is denied. To the extent that plaintiff is also seeking certification for an interlocutory appeal of the court's order dismissing defendant Swartz (Doc. 97), that request is denied.

Dated this 24th day of October, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**