UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONI R. DONAHUE,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　Case No. 18-2012-CM
　　　　　　　　　　　　　　　　　　)
KANSAS BOARD OF EDUCATION, et al.,　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　)

# **ORDER**

In this action brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(f), the pro se plaintiff seeks judicial review of a decision by a due process hearing officer, and subsequent administrative review, related to complaints she logged against the Olathe School District, USD #233 ("the District"). Before the court are plaintiff's motion to supplement the administrative record with certain e-mail correspondence (ECF No. 112) and plaintiff's motion for discovery beyond the administrative record (ECF No. 111). The motion to supplement the record is granted as unopposed. But because plaintiff has not demonstrated the discovery sought is relevant to the issue before the court, the motion for discovery is denied.

<u>Motion to Supplement the Record</u>

On July 4, 2018, the District filed what it represents to be the administrative record (ECF No. 87). On July 11, 2018, plaintiff filed a motion asserting, in part, that the District

1

O:\ORDERS\18-2012-CM-112.docx

failed to submit the *entire* administrative record, and seeking sanctions for the alleged failure (ECF No. 92). In denying the motion, the undersigned U.S. Magistrate Judge, James P. O'Hara, found "plaintiff fail[ed] to identify how the record is deficient," and directed plaintiff to "file a motion to supplement the record" should she "later identify some specific issue with the administrative record submitted by the District."[1]

Plaintiff has now filed a motion to supplement the record with 106 e-mails that she contends are relevant to the administrative decisions (ECF No. 112). She has attached the specific correspondence as exhibits to her motion. Although defendants dispute the relevance of this correspondence, they do not oppose plaintiff's request, so long as certain protections are put in place (see ECF No. 113), which the court orders below. Accordingly, the motion is granted as unopposed.

Motion for Discovery

Plaintiff's second motion requests discovery of (1) previously undisclosed e-mail and telephonic communication between certain employees or agents for the District, Kansas Department of Education, and/or the due process hearing officers; and (2) employee time cards for the dates on which "emergency safety interventions" were implemented for her child (ECF No. 111).

---

[1] ECF No. 94 at 2.

The court will permit discovery that is deemed both relevant and proportional to the needs of the case.[2] In IDEA cases, the district court has discretion to determine whether it will hear evidence beyond the administrative record.[3] "The district court's discretion to accept additional evidence is limited, however, because 'such evidence is merely supplemental to the administrative record' and federal court proceedings 'must maintain the character of review and not rise to the level of a de novo trial.'"[4] Only evidence that is relevant to the particular issue properly before the court should be considered.[5]

Here, the limited issue before the court is the timing of the District's notice that plaintiff's administrative complaint was insufficient. The due process hearing officer determined plaintiff's "complaint notice," as that term is defined in K.S.A. § 72-972a(a)(1)(B), was insufficient because it did not contain the name or address of the child, nor the name of the child's school.[6] The hearing officer further determined the District satisfied the requirements of K.S.A. § 72-972a(b)(2) by notifying the hearing officer and

---

[2] Fed. R. Civ. P. 26(b)(1).

[3] *Miller v. Bd. of Educ. of Albuquerque Pub. Schs.*, 565 F.3d 1232, 1240-41 (10th Cir. 2009).

[4] *Id.* at 1241 (quoting *L.B. ex rel. K.B. v. Nebo Sch. Dist.*, 379 F.3d 966, 974 (10th Cir. 2004)).

[5] *Id. See also J.W., ex rel. Ward v. Gardner Sch. Dist. No. 231*, No. 09-2357-CM, 2011 WL 1234389, at *2 (D. Kan. March 31, 2011) ("Of central importance is whether the proposed additional evidence is relevant, noncumulative, and useful for determining the issue before the court.").

[6] ECF No. 87-1.

plaintiff of the deficiency within 15 days of when it received the complaint; had the District not satisfied K.S.A. § 72-972a(b)(2), the complaint notice would have been deemed sufficient per the statute. Without reaching the merits of plaintiff's complaint, the hearing officer dismissed the case on this procedural basis. The issue plaintiff has raised in this court is whether the District, in fact, provided notice of insufficiency within the required 15 days.

Plaintiff has failed to demonstrate the discovery she seeks is relevant to this limited issue. Plaintiff asserts the communications will show "the official timeline of the due process procedure . . . which [the District] violated consistently" and will "substantiate that the defendants participated in unlawful and unethical ex parte communications."[7] Plaintiff states the time cards "are the motive and/or subject matter of the ex parte communications," because the hearing officer dismissed her case within three hours of plaintiff requesting the time cards in November 2017.[8]

First, the question of whether certain people participated in ex parte communications is not the issue before the court. Second, it is entirely unclear how the communications plaintiff seeks could demonstrate the relevant timing of the District's response. Even if the e-mails could be deemed marginally relevant, the court above has admitted 102 e-mails into the record, which supplement the 34 exhibits (many of which

---

[7] ECF No. 111 at 3.

[8] *Id.* at 5.

are also e-mails) that were submitted as the administrative record on July 4, 2018. Any additional e-mails would be cumulative as related to the timing issue, making the burden of obtaining them not proportional to the needs of this case. Because the discovery sought has not been shown to be relevant or proportional, plaintiff's motion for discovery is denied.

IT IS THEREFORE ORDERED that plaintiff's motion to supplement the record (ECF No. 112) is granted. By **March 8, 2019**, plaintiff shall redact the name of any minor mentioned in an e-mail attached to ECF No. 112 and submit the redacted document to the clerk's office for substitution on the record. Should the parties cite any of the e-mails in subsequent briefs, they shall do so using the number assigned on the docket (e.g., ECF No. 112-1; ECF No. 112-2, p. 2).

IT IS FURTHER ORDERED that plaintiff's motion for discovery (ECF No. 111) is denied.

IT IS FURTHER ORDERED that the court deems the complete record "filed" as of today's date. Pursuant to D. Kan. Rule 83.7.1(d), plaintiff's brief is due **"within 45 days."**

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order. Plaintiff must file any objections within the 14-day period if she wants to have appellate review of this order. If plaintiff does not timely file her objections, no court will allow appellate review.

Dated February 22, 2019, at Kansas City, Kansas.

                                       s/ James P. O'Hara
                                       James P. O'Hara
                                       U.S. Magistrate Judge