**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

TONI R. DONAHUE, )
)
        Plaintiff, )
)
v. )
)   Case No. 18-02012-CM-JPO
KANSAS BOARD OF EDUCATION, et al., )
)
        Defendants. )
)

### MEMORANDUM AND ORDER

Pro se plaintiff Toni Donahue requests administrative review under the Individuals with Disabilities Education Act ("IDEA") and Kansas statutes. (Doc. 1.) Plaintiff asks the court for reversal of orders by both the Hearing Officer and Appeal Review Officer.

### I.     FACTUAL BACKGROUND

Plaintiff is the mother of a child covered by the IDEA. Defendant Olathe School District USD No. 233 ("District") is the district where plaintiff's child previously attended school. Plaintiff filed a due process complaint with defendant District between October 23, 2017 and October 30, 2017. The effective filing date is disputed.

Defendant began procedures for a due process hearing under the IDEA on October 30, 2017. A Hearing Officer was appointed on November 7, 2017. Defendant responded to plaintiff's due process complaint that same day and filed both a Notice of Insufficiency and an amended response on November 9, 2017. Defendant's Notice of Insufficiency argued that plaintiff's due process complaint was missing information required by statute, and that plaintiff's complaint should be dismissed due to the insufficiency.

-1-

The Hearing Officer dismissed plaintiff's due process complaint as insufficient on November 14, 2017. Plaintiff filed an appeal on December 18, 2017, and the Appeal Review Officer dismissed plaintiff's case on January 2, 2018. The Appeal Review Officer concluded that plaintiff's appeal was untimely and that plaintiff had not shown good cause for filing an appeal outside the deadlines required by statute.

Plaintiff now asks the court to reverse, arguing that the Hearing Officer applied an incorrect procedural timeline and that the proceedings below were tainted by partiality. Defendant argues that the proceedings below were valid, that plaintiff's untimely appeal resulted in a failure to exhaust administrative remedies, and that this court accordingly lacks subject matter jurisdiction.

## II. LEGAL STANDARDS

When a plaintiff proceeds pro se, the court construes his or her filings liberally, but does not assume the role of an advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. DISCUSSION

Defendant asks the court to dismiss for lack of subject matter jurisdiction due to insufficient exhaustion of administrative remedies, and to award attorneys' fees for plaintiff's allegedly unreasonable litigation. Plaintiff argues that the court already found that she had exhausted her administrative remedies, and alternatively states that exhaustion should be excused as futile.

### A. Exhaustion

The court follows the Tenth Circuit's treatment of administrative exhaustion as a jurisdictional requirement.[1] *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002) ("As this court

---

[1] More recent cases have either considered that the IDEA's exhaustion requirement may lack jurisdictional character or have recognized the issue without substantially addressing it. *See A.P., IV by Porco v. Lewis Palmer Sch. Dist. No. 38*, 728 F. App'x 835, 839 n.2 (10th Cir. 2018); *Carroll v. Lawton Indep. Sch. Dist. No. 8*, 805 F.3d 1222, 1230 n.4 (10th Cir. 2015); *Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 783–85 (10th Cir. 2013); *McQueen ex rel. McQueen v. Colo. Springs Sch. Dist. No. 11*, 488 F.3d 868, 873–74 (10th Cir. 2007). Absent a clear change in direction by the Tenth Circuit, the court will treat exhaustion as jurisdictional.

must always satisfy itself of jurisdiction before addressing the merits of a claim, we turn to the exhaustion issue first."); *Urban v. Jefferson Cty. Sch. Dist. R-1*, 89 F.3d 720, 724 (10th Cir. 1996) (treating exhaustion as prerequisite for subject matter jurisdiction); *Hayes v. Unified Sch. Dist. No. 377*, 877 F.2d 809, 810 (10th Cir. 1989) (noting exhaustion as jurisdictional under predecessor statute). The court's prior order did not address exhaustion, and noted that full consideration of the case was generally impeded by an underdeveloped factual background, in part because plaintiff's complaint contained few factual allegations. (Doc. 79, at 1.) The parties have since supplemented the administrative record and provided briefing. (Docs. 87; 112; 119; 120; 121-1).

Under the IDEA, a due process complaint is first heard by "the State educational agency or by the local educational agency." 20 U.S.C. § 1415(f). An aggrieved party may appeal that decision to "the State educational agency" for a final decision. *Id.* § 1415(g), (i)(1). Any party aggrieved by that final decision "shall have the right to bring a civil action." *Id.* § 1415(i)(2)(A). Additional state review measures are not required to exhaust administrative remedies. *See M.M. ex rel. Moore v. Unified Sch. Dist. No. 368*, No. 07-2291-JTM, 2008 WL 4950987, at *12 (D. Kan. Nov. 18, 2008). Exhaustion of administrative remedies is not required if exhaustion "would be futile or fail to provide adequate relief." *Chavez ex rel. M.C. v. N.M. Pub. Educ. Dep't*, 621 F.3d 1275, 1280–81 (10th Cir. 2010) (citing *Ass'n for Cmty. Living in Colo. v. Romer*, 992 F.2d 1040, 1044 (10th Cir. 1993)). The timelines for these state proceedings are provided by state law. Kan. Stat. Ann. § 72-3415 (due process hearing); *id.* § 72-3418 (administrative appeal); Kan. Admin. Regs. 91-40-28(d)(1)-(5) (procedural deadlines in due process hearing).

The timeline generally requires (1) the parent be provided with a list of Hearing Officer candidates within five days of their complaint; (2) after receiving the list, the parent has five more days to strike any or all candidates from the list; and (3) the due process hearing to be held within 45 days of

the complaint, unless excused by mediation and resolution. *See* Kan. Admin. Regs. 91-40-28(d)(1)-(5). If a party wishes to appeal a decision of a Hearing Officer, the party must file its notice of appeal "not later than 30 calendar days after the date of the postmark on the written notice [of the decision.]" Kan. Stat. Ann. § 72-3418(b)(1). In the case of a Notice of Insufficiency, a due process complaint "shall be deemed to be sufficient unless [the notice is provided,] in writing, within 15 days of receiving the complaint." *Id.* § 72-3415(b)(2).

Plaintiff e-mailed her due process complaint to both attorney Mark Ward at the Kansas State Department of Education and to the superintendent for defendant District on October 23, 2017. (Doc. 112-1.) Plaintiff's e-mail indicated that she was "also sending a hard copy in the mail." (*Id.*) Ward responded within two hours that "we received this and will open a due process file here." (Doc. 112-2, at 1.) Plaintiff next e-mailed Ward on October 24, 2017 to inquire about waiving mediation (Doc. 112-3.), and Ward responded in an e-mail with the subject line "RE: 18DP233-001," referring to plaintiff's case number (Doc. 112-4, at 1). Ward answered her question "because it relate[d] only to the process, and not to the issues in the due process request[,]" and copied all parties "because there is now a pending due process hearing[.]" (*Id.*) Defendant received the mailed hard copy of plaintiff's complaint on Saturday, October 28, 2017, opened the complaint on Monday, October 30, 2017, and began proceedings consistent with a filing date of October 30, 2017. (Doc. 87-3, at 1–2.)

Defendant sent plaintiff a list of potential Hearing Officers on November 1, 2017 (Doc. 87-4, at 2.), plaintiff did not strike any of the candidates, and defendant appointed Lloyd Swartz as Hearing Officer on November 7, 2017. (Doc. 87-3, at 1.) On November 9, 2017, defendant submitted its Notice of Insufficiency, requesting dismissal of plaintiff's complaint. (Doc. 87-9.) On November 10, 2017, the Hearing Officer set a hearing date (Doc. 112-14), and on November 13, 2017, plaintiff notified the Hearing Officer that she believed defendant's Notice was untimely based on a filing date

of October 23, 2017. (Doc. 112-18.) On November 14, 2017, the Hearing Officer considered defendant's Notice and dismissed plaintiff's due process complaint for insufficiency, finding that plaintiff was not entitled to a due process hearing. (Doc. 87-1, at 3.) The opinion was served electronically on all parties electronically and postmarked the same day. (*Id.*)

Plaintiff filed her Notice of Appeal electronically 34 days later, on December 18, 2017. (Doc. 87-12, at 3.) On December 29, 2017, defendant moved to dismiss plaintiff's appeal as untimely for filing beyond the 30-day deadline (Doc. 87-14), and the Appeal Review Officer granted defendant's motion on January 2, 2018. (Doc. 87-13, at 4–5.) The Appeal Review Officer addressed only the procedural issue of timeliness and whether plaintiff had shown good cause to excuse the statutory timeline. (*Id.* at 2–4.) The Officer concluded that "the [plaintiff's] appeal did not meet the filing timeline specified [by statute] and that the [plaintiff] is not entitled to an appeal[.]" (*Id.* at 4.)

Accordingly, plaintiff attempted to proceed through the underlying due process hearing procedure as required, and her complaint was dismissed for insufficiency. While the parties dispute the operative filing date—and thus, whether plaintiff's complaint should have been deemed sufficient and answered on the merits—plaintiff had the opportunity to appeal on this argument and included the argument in her Notice of Appeal. (*See* Doc. 87-12, at 2.) However, plaintiff's appeal was untimely. But-for plaintiff's untimely filing of her administrative appeal, the issues she raises now would have been before the Appeal Review Officer, and the Officer could have remedied the alleged error. If plaintiff had timely appealed, and the Officer had not remedied the alleged error, these issues could then be properly before the court for consideration. The court is accordingly not persuaded by plaintiff's futility arguments, any alleged futility results from plaintiff's inaction rather than an inability of the administrative process to remedy the alleged injury.

Because plaintiff did not timely appeal, plaintiff did not exhaust her administrative remedies, and the court lacks subject matter jurisdiction over plaintiff's request for relief. Because the court lacks subject matter jurisdiction, the court dismisses plaintiff's complaint.

### B. Attorneys' Fees

Defendant requests an award of attorneys' fees and costs pursuant to the IDEA's discretionary provisions for fees. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(II)-(III).

Under the IDEA, the court has discretion to award attorneys' fees to prevailing parties. *Id.* § 1415(i)(3)(B)(i). The two permissible grants relevant here are:

> (II) to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
> (III) to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

*Id.* § 1415(i)(3)(B)(i)(II)-(III).

Defendant argues that plaintiff was aware that her administrative appeal was untimely and that she failed to exhaust administrative remedies, and that this alleged awareness makes her request for review unreasonable and without foundation. Defendant further argues that plaintiff's appeal and many of her motions to the court lack merit, many of her filings were untimely, and that plaintiff's conduct caused unnecessary delay and expense. Defendant makes no argument on whether defendant qualifies as a "prevailing party" to be eligible for fees, required before defendant's other arguments may be addressed. The court notes that plaintiff's filings, generally barred on procedural grounds, may not rise to the substantive deficiencies required for an award of fees even to a "prevailing party," but makes no finding on this question.

Under the IDEA, "prevailing party" status attaches when a party prevails on the merits. *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 565 F.3d 1232, 1246–47 (10th Cir. 2009) (citing *Urban by Urban v. Jefferson Cty. Sch. Dist. R-1*, 89 F.3d 720, 729 (10th Cir. 1996)); *see Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603–04 (2001) (discussing types of merits-based decisions giving rise to "prevailing party" status); *see also District of Columbia v. West*, 699 F. Supp. 2d 273, 278–79 (D.D.C. 2010) (finding school defendant "prevailing party" when Hearing Officer dismissed with prejudice on merits); *P.O. ex rel. L.T. v. Greenwich Bd. of Educ.*, 210 F. Supp. 2d 76, 85–87 (D. Conn. 2002) (finding parents not "prevailing parties" after unreasonable delay and only limited success on merits).

In the administrative proceedings below, the Hearing Officer specifically noted that he was "not making any conclusions on the merits of the request or the allegations contained therein[,]" (Doc. 87-1, at 3) and the Appellate Review Officer dismissed plaintiff's appeal of that non-merits decision as "not entitled to an appeal" based on procedural untimeliness. (Doc. 87-13, at 4.) Furthermore, defendant has presented exhaustive argument on why this court lacks subject matter jurisdiction over plaintiff's petition for review, including arguing that the various administrative dismissals on procedural grounds are not substantive decisions appealable under the IDEA.

Because the court dismisses plaintiff's complaint for lack of subject matter jurisdiction, the court does not reach the merits of the parties' dispute, and defendant is not a "prevailing party" eligible for attorneys' fees under the IDEA. Defendant is similarly not a "prevailing party" eligible for attorneys' fees in the non-merits administrative decisions below. Accordingly, defendant's request for attorneys' fees is denied.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Doc. 1) is dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that defendant's request for attorneys' fees (Doc. 120) is denied.

The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

The case is closed.

Dated this 20th day of August, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
