**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TONI R. DONAHUE, )<br>)<br>        **Plaintiff,** )<br>)<br>v. )<br>)<br>KANSAS BOARD OF EDUCATION, et al., )<br>)<br>        **Defendants.** )<br>_____) | Case No. 18-2012-CM-JPO |

## **MEMORANDUM AND ORDER**

Pro se plaintiff Toni Donahue, on a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, requests that the court correct "clear errors" in its order dismissing her complaint for lack of subject matter jurisdiction. (Doc. 126). Because the court did not commit clear error in that order and because the alleged errors were immaterial to the court's decision, plaintiff's motion is denied.

**I.    Factual Background**

Plaintiff initially came before this court requesting administrative review under the Individuals with Disabilities Education Act ("IDEA"). Plaintiff had filed a due process complaint under the IDEA with defendant Olathe School District USD No. 233 between October 23, 2017 and October 30, 2017. The effective filing date is disputed. On November 7, 2017, pursuant to the IDEA, defendant appointed a Hearing Officer for plaintiff's case. Two days later, defendant filed a notice of insufficiency arguing that plaintiff's complaint omitted information required by statute. On November 14, 2017, the Hearing Officer dismissed plaintiff's due process complaint as insufficient. Plaintiff appealed this dismissal but did not do so within the time requirements of the IDEA. As a result, the Appeals Review Officer dismissed plaintiff's appeal as untimely.

-1-

Plaintiff appealed that dismissal to this court. However, due to plaintiff's untimely appeal to the Appeals Review Officer, plaintiff failed to exhaust her administrative remedies. The court therefore lacked subject matter jurisdiction and dismissed the case. Plaintiff now takes issue with that dismissal, alleging that the order's factual background contained errors.

**II. Legal Standard**

Federal Rule of Civil Procedure 59(e) provides authority for altering or amending judgment, but does not identify the standard for doing so. According to the Tenth Circuit, "Rule 59(e) relief is available in limited circumstances, including '(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (alterations in original) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Such a motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete*, 204 F.3d at 1012. Misapprehension of facts immaterial to the court's decision will not support a motion to alter or amend judgment. *See Pyles v. Boeing Co.*, No. CIV.A.00-2394-KHV, 2003 WL 403343, at *2 (D. Kan. Feb. 20, 2003) (holding that the factual errors asserted by plaintiff were not sufficient to support a motion to alter or amend judgment because "[n]either fact was material, however, to the Court's decision.").

**III. Discussion**

Plaintiff argues that the court made three errors in its order dismissing plaintiff's complaint for lack of subject matter jurisdiction. The errors alleged by plaintiff are contained in (or omitted from) the second paragraph of the factual background:

> Defendant began procedures for a due process hearing under the IDEA on October 30, 2017. A Hearing Officer was appointed on November 7, 2017. Defendant responded to plaintiff's due process complaint that same day and filed both a Notice of Insufficiency and an amended response on November 9, 2017. Defendant's

> Notice of Insufficiency argued that plaintiff's due process complaint was missing information required by statute, and that plaintiff's complaint should be dismissed due to the insufficiency.

(Doc. 124.)

The three arguments of plaintiff can be summarized as follows. Plaintiff first argues that it is erroneous to say that defendant began procedures when she in fact began procedures by filing a complaint. plaintiff next takes issue with the filing date given. She maintains that she proved by a "preponderance of evidence" that she filed the complaint on October 23, and that it was wrong for the court to suggest otherwise. Plaintiff relies on the *Twombly* standard for this proposition, arguing that the court should have taken her allegations as true. And last, plaintiff argues that the final sentence of the above-identified paragraph suggests defendant's arguments were improperly accepted as fact by the court. None of these arguments is availing.

First, it is of no consequence that the court stated defendant "began" the due process inquiry. In the preceding paragraph, the court noted that plaintiff first filed a due process complaint. The fact that plaintiff initiated the due process inquiry by filing a complaint was never in dispute. The second paragraph of the factual background simply notes that defendant began its own procedures on October 30.

Second, plaintiff did not prove an effective filing date of October 23 for her due process complaint by a preponderance of evidence. And plaintiff's reliance on *Twombly* for the proposition that the court must accept her stated facts as true is misplaced. *Twombly* governs the pleading standard on a Rule 12(b)(6) motion, and has no applicability here. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court correctly stated that the effective filing date of the due process complaint was in dispute.

Third, the court did not improperly accept defendant's arguments as fact, as plaintiff suggests. The language of the factual background reads "[d]efendant's Notice of Insufficiency argued that plaintiff's due process complaint was missing information required by statute, and that plaintiff's complaint should be dismissed due to the insufficiency." This statement did not accept the merits of defendant's arguments. Rather, it simply noted that those were defendant's arguments during the initial due process hearing.

Finally, even if the court made errors in the factual background, none of these affect the court's ultimate decision that it lacked subject matter jurisdiction. This decision was based on plaintiff's untimely appeal to the Appeals Review Officer, and none of these facts affect the untimeliness of that appeal. These facts are therefore immaterial and cannot support a Rule 59(e) motion to alter or amend judgment. *See Pyles*, 2003 WL 403343, at *2.

**IT IS THEREFORE ORDERED** that plaintiff's motion to alter or amend judgment (Doc. 126) is denied.

Dated this 9th day of October, 2019, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**